UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA L. ALLIE, | : | CIVIL NO: 1:21-CV-01114 |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| v. | : | |
| KILOLO KIJAKAZI, *Acting Commissioner of Social Security*, | : | |
| Defendant. | : | |

**<u>MEMORANDUM OPINION</u>**

**I.  Introduction.**

This is a social security action brought under 42 U.S.C. § 405(g).  The plaintiff, Donna L. Allie ("Allie"), seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claims for supplemental security income under Title XVI of the Social Security Act.  We have jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).  For the reasons set forth below, the Commissioner's decision will be affirmed, and judgment will be entered in favor of the Commissioner.

## II. Background and Procedural History.

We refer to the transcript provided by the Commissioner. *See docs. 14-1* to *14-8*.[1] On April 5, 2019, Allie filed an application for supplemental security income. *Admin. Tr.* at 185. On August 19, 2019, the Commissioner denied her initial claim and then again on October 7, 2019. *Id.* at 83, 98. Allie requested an administrative hearing on October 10, 2019. *Id.* at 16. And on March 3, 2020, Allie, accompanied by a non-attorney representative, testified at a hearing before Administrative Law Judge ("ALJ") Mike Oleyar. *Id*. at 13–33. An impartial vocational expert also testified at the hearing. *Id* at 13.

The ALJ determined that Allie could perform her past skilled work. *Id*. at 32. Thus, the ALJ found Allie not disabled and denied her benefits. *Id.* at 33. Allie appealed the ALJ's decision to the Appeals Council, which denied her request for review on April 20, 2021. *Id*. at 1. This makes the ALJ's decision the final decision of the Commissioner subject to judicial review by this Court.

In June of 2021, Allie, now represented by counsel, began this action by filing a complaint claiming that the Commissioner's decision is not supported by substantial evidence and is contrary to law and regulation. *Doc. 1* at ¶ 8. Allie

---

[1] Because the facts of this case are well known to the parties, we do not repeat them here in detail. Instead, we recite only those facts that bear on Allie's claims.

requests that the court find that she is entitled to supplemental security income benefits or, in the alternative, remand the case to the Commissioner for further proceedings. *Id*. at 2. Allie also requests an award of attorney's fees under 28 U.S.C. § 2412, as well as any further relief the court finds proper. *Id.*

The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned. *Doc. 12*. The Commissioner then filed an answer and a certified transcript of the administrative proceedings. *Docs. 13, 14*. The parties filed briefs (*docs. 19–21*), and this matter is ripe for decision.

### III. Legal Standards.

#### A. Substantial Evidence Review—the Role of This Court.

When reviewing the Commissioner's final decision denying a claimant's application for benefits, "the court has plenary review of all legal issues decided by the Commissioner." *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). But the court's review of the Commissioner's factual findings is limited to whether substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154. Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

Substantial evidence "is less than a preponderance of the evidence but more than a mere scintilla." *Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). But in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's] finding from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F.Supp.2d 623, 627 (M.D. Pa. 2003).

The question before this court, therefore, is not whether Allie was disabled, but whether substantial evidence supports the Commissioner's finding that she was not disabled and whether the Commissioner correctly applied the relevant law.

## B.  Initial Burdens of Proof, Persuasion, and Articulation for the ALJ.

To receive benefits under Title XVI of the Social Security Act, a claimant generally must demonstrate an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(A); 20 C.F.R. § 416.905(a).  To satisfy this requirement, a claimant must have a severe physical or mental impairment that makes it impossible to do his or her previous work or any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B); 20 C.F.R. § 416.905(a).  Unlike with disability insurance benefits under Title II of the Social Security Act, "[i]nsured status is irrelevant in determining a claimant's eligibility for supplemental security income benefits" under Title XVI of the Social Security Act. *Snyder v. Colvin*, No. 3:16-CV-01689, 2017 WL 1078330, at *1 (M.D. Pa. Mar. 22, 2017).  Supplemental Security Income "is a federal income supplement program funded by general tax revenues (not social security taxes)" "designed to help aged, blind or other disabled individuals who have little or no income." *Id*.

The ALJ follows a five-step sequential-evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 416.920.  Under this process, the ALJ must sequentially determine: (1) whether the claimant is engaged in substantial

5

gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant is able to do his or her past relevant work; and (5) whether the claimant is able to do any other work, considering his or her age, education, work experience, and residual functional capacity ("RFC"). 20 C.F.R. § 416.920(a)(4)(i)–(v).

The ALJ must also assess a claimant's RFC at step four. *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 198 n.2 (3d Cir. 2019). The RFC is "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" *Burnett v Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999)); *see also* 20 C.F.R. § 416.945(a)(1). In making this assessment, the ALJ considers all the claimant's medically determinable impairments, including any non-severe impairment identified by the ALJ at step two of his or her analysis. 20 C.F.R. § 416.945(a)(2).

"The claimant bears the burden of proof at steps one through four" of the sequential-evaluation process. *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010). But at step five, "the burden of production shifts to the Commissioner, who must . . . show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical

impairments, age, education, past work experience, and residual functional capacity." *Fargnoli v. Massanari*, 247 F.3d 34, 39 (3d Cir. 2001).

The ALJ's disability determination must also meet certain basic substantive requisites. Most significantly, the ALJ must provide "a clear and satisfactory explication of the basis on which" his or her decision rests. *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). "The ALJ must indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding." *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F. 3d 429, 433 (3d Cir. 1999). The "ALJ may not reject pertinent or probative evidence without explanation." *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 204 (3d Cir. 2008). Otherwise, "'the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett*, 220 F.3d at 121 (quoting *Cotter*, 642 F.2d at 705).

## IV. The ALJ's Decision.

On April 30, 2020, the ALJ denied Allie's claims for benefits. *Admin. Tr.* at 13–33. At step one of the sequential-evaluation process, the ALJ found that Allie had not engaged in substantial gainful activity since the date of her application for benefits, April 5, 2019. *Id.* at 18.

At step two of the sequential-evaluation process, the ALJ found that Allie had the following severe impairments: cervical, thoracic, and lumbar degenerative disc disease with history of anterior cervical discectomy and fusion (ACDF) at C5-7 and discectomies at C5-7, radiculopathy, left shoulder rotator cuff syndrome, degenerative joint disease and tendonitis with partial tear of supraspinatus tendon and subacrominal and subdeltoid bursitis, degenerative joint disease of the bilateral knees, bilateral hip degenerative joint disease, right foot degenerative joint disease, palpitations, and obesity. *Id.* at 18–19.

At step three of the sequential-evaluation process, the ALJ found that Allie did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 23.

The ALJ then determined that Allie has the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) except:

> [S]he can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The claimant can frequently use foot controls with her bilateral lower extremities and she can frequently reach, handle, finger, and feel with the bilateral upper extremities, but she can only occasionally perform overhead reaching with the left upper extremity. She can frequently operate a motor vehicle and she can occasional [*sic*] exposure to extreme cold, wetness, and humidity. The claimant can never have exposure to vibration and hazards, such as unprotected heights and dangerous moving mechanical parts.

*Id*. at 25–26.  In making this RFC assessment, the ALJ considered all of Allie's symptoms as far as they can reasonably be accepted as consistent with objective medical evidence. *Id*. at 26.  He also considered all medical opinions and prior administrative findings entered into testimony. *Id*.

At step four of the sequential-evaluation process, the ALJ found that Allie could perform past relevant work as a customer service representative and bookkeeper. *Id*. at 32.  The ALJ found that the above-mentioned type of work does not require the performance of work-related activities that would be precluded by Allie's RFC. *Id.*

The ALJ did not perform a step five analysis of the sequential-evaluation process as it was already determined that Allie could perform her past relevant work. *Id.*

In sum, the ALJ concluded that Allie was not disabled. *Id*. at 33.  Thus, he denied Allie's claims for benefits. *Id*.

**V.  Discussion.**

Allie presents two claims.  First, she claims that the ALJ's RFC determination is unsupported by substantial evidence and the product of legal error because he failed to properly evaluate the opinion of consultative examiner, Charles LaJeunesse, Ph.D. ("Dr. LaJeunesse").  In the alternative, Allie claims the

9

ALJ's RFC determination is unsupported by substantial evidence because he failed to reconcile his own mental limitations findings at step two of the sequential evaluation process with the RFC. For the reasons discussed below, we conclude that Allie's claims are without merit.

### A. Evaluation of Dr. LaJeunesse's Opinion.

Allie contends that the ALJ's RFC assessment is not supported by substantial evidence because it is the product of legal error. In sum, according to Allie, the ALJ failed to properly evaluate the opinion of Dr. LaJeunesse. Before addressing Allie's arguments, we set forth standards regarding the RFC assessment in general.

"The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). The RFC is "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" *Burnett*, 220 F.3d at 121 (quoting *Hartranft*, 181 F.3d at 359 n.1). In assessing a claimant's RFC, the ALJ must consider all the evidence of record. *Burnett*, 220 F.3d at 121. "When a conflict in the evidence exists, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (quoting

10

*Mason*, 994 F.2d at 1066). The court's "review of the ALJ's assessment of the plaintiff's RFC is deferential, and that RFC assessment will not be set aside if it is supported by substantial evidence." *Wilder v. Kijakazi*, 1:20-CV-492, 2021 WL 4145056, at *6 (M.D. Pa. Sept. 9, 2021); *see also Burns v. Barnhart*, 312 F.3d 113, 129 (3d Cir. 2002) ("We examine the ALJ's conclusions as to [the claimant's] residual functional capacity with the deference required of the substantial evidence standard of review.").

"Surveying the medical evidence to craft an RFC is part of the ALJ's duties." *Titterington v. Barnhart*, 174 F. App'x 6, 11 (3d Cir. 2006). And "[i]n evaluating medical reports, the ALJ is free to choose the medical opinion of one doctor over that of another." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009). Further, in setting the RFC, the ALJ must clearly articulate his or her reasoning. In other words, the ALJ must "set forth the reasons for his decision" to allow for meaningful judicial review. *Burnett*, 220 F.3d at 119 (citing *Cotter*, 642 F.2d at 704–05). Although an ALJ need not "use particular language or adhere to a particular format in conducting his analysis," the ALJ must ensure "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). The ALJ's decision must set out "a clear and satisfactory explication of the basis on which it rests." *Cotter*, 642 F.2d at 704. If an ALJ "has not sufficiently explained" how he or she

considered all the evidence "'to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" *Dantzler v. Saul*, No. 3:16-CV-2107, 2019 WL 5569466, at *1 (M.D. Pa. Oct. 28, 2019) (quoting *Dobrowolsky*, 606 F.2d at 407).

Applying the above standards to the present record, we conclude that the ALJ's RFC determination is supported by substantial evidence. Though Allie argues that Dr. LaJeunesse's medical findings should be considered persuasive (*doc. 19* at 6), the ALJ found Dr. LaJeunesse's opinion only partially persuasive (*Admin. Tr.* at 31). Specifically, the ALJ found Dr. LaJeunesse's opinion regarding Allie's lack of mental limitations persuasive, but his opinion regarding Allie's moderate social limitations unpersuasive. *Id.* Allie alleges that this determination is erroneous because the ALJ only cites to select portions of the mental status examinations. The ALJ, however, reasoned that:

> Dr. LaJeunesse over-estimated the claimant's limitations in social interaction and responding to work situations and changes in routine, because mental status exams indicated that the claimant's behavior was cooperative, her appearance was neat and appropriate, and her general affect was appropriate to content. In addition, medical records indicated the claimant was cooperative, her affect was calm and appropriate, and her speech was coherent during treatment encounters. She also recently just started to treat for her psychiatric impairments in January of 2020 and did not require any psychiatric admissions, partials or structured living arrangements. These moderate

>limitations are also not supported by the opinions of Dr. Lease or Dr. Franks.

*Id.* (internal citations omitted). The ALJ thus provided sufficient reasoning required of an ALJ. The ALJ permissibly favored the opinion of one doctor over another, while considering all evidence of record. The above quote also provides the sufficient reasoning required of an ALJ to explain a decision.

Allie also contends that the ALJ relying on Allie's personal appearance and coherent speech does not logically connect to an assessment of Allie's ability to socially interact with others. *Doc. 19* at 6. Allie asserts that the ability to groom oneself and to speak clearly does not translate to the ability to participate in a work environment. *Id*. at 6–7. Furthermore, Allie claims that the ALJ's reliance on her calm demeanor and cooperative behavior during her time at the office of her primary physician was misguided. In her disagreement, Allie cites a Third Circuit Court of Appeals case that held a physician's opinion that a claimant's ability to perform work-related mental activities is impaired shall not be supplanted by an inference gleaned from treatment records reporting on the claimant in an environment absent of the stresses that accompany the work setting. *Morales v. Apfel*, 225 F.3d 310, 319 (3d Cir. 2000).

Here, however, the ALJ pointed to the medical opinions of two other doctors which found that Allie could, in fact, participate in a work environment, as well as the record of treatment visits. *See Admin. Tr.* at 31; *see also Admin. Tr.* at 331

13

(emergency room follow up on March 24, 2018), 350 (emergency room visit on February 23, 2019), 533 (an occupational therapy evaluation on September 13, 2019). The ALJ, therefore, did not err and the RFC assessment is supported by substantial evidence.

### B. The ALJ's Step Two Findings.

Allie claims that the ALJ failed to reconcile the mental limitations he found at step two of the sequential-evaluation process with his RFC assessment. And the ALJ, according to Allie, failed to explain why these mental limitations were not included with similar limitations in the RFC. We disagree.

The ALJ concluded that Allie suffers from the non-severe mental impairments of major depressive disorder and social anxiety. *Id.* at 20. The ALJ further found that these impairments cause only mild limitations in interacting with others, in adapting and managing oneself, in understanding, remembering or applying information, and in concentrating, persisting, or maintaining pace. *Id.* at 22. The ALJ thus concluded that Allie's mental impairments cause not more than a minimal limitation in Allie's ability to perform basic mental work activities. *Id.* at 20.

Allie claims that the ALJ is required to consider all limitations spurred by a claimant's impairments, even those that are not severe. Furthermore, Allie

contends that although a single non-severe impairment may not significantly limit one's ability to do basic work activities, if coupled with other impairments it could be critical to the outcome of the claim. Finally, Allie argues that the ALJ did not properly explain why her mental impairments were not incorporated into the RFC and, accordingly, it is unclear if the ALJ properly considered Allie's RFC.

Allie's argument must fail. Although an ALJ must consider both severe and non-severe impairments in assessing a claimant's RFC, if an ALJ finds a limitation is minimal or negligible, it is not error to decline to assess a resultant functional limitation. *Holley v. Comm'r Soc. Sec.*, 590 F. App'x 167, 169 (3d Cir. 2014) (finding where claimant had only minor mental impairments, ALJ did not err when RFC included no mental limitations). The ALJ only must explain why the mild limitations in each of the paragraph B criteria do not impact the RFC analysis. *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 209 (3d Cir. 2019).

The ALJ here did consider all of Allie's mental impairments when assessing Allie's RFC. *Admin Tr.* at 20–23. In step two, the ALJ found that Allie's medically determinable mental impairments cause no more than mild limitation in any functional area. *Id.* at 23. And in assessing the RFC, the ALJ similarly reviewed the persuasiveness of Dr. LaJeunesse's opinion and the opinions of Dr. Lease and Dr. Franks. *Id.* at 31–32. The ALJ explained that he "considered all of the claimant's severe and non-severe impairments in determining the claimant's

15

residual functional capacity, and appropriate exertional, postural, reach, environmental and mental limitations have been included to address the claimant's severe and non-severe impairments." *Id.*

Based on the ALJ's comprehensive analysis and because he considered all the evidence of the record, the ALJ's RFC assessment is supported by substantial evidence.

## VI. Conclusion.

For the foregoing reasons, we will affirm the decision of the Commissioner. An appropriate order follows.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge